11-2761-ag
Yang v. Holder

BIA
Schoppert, IJ
A089 250 764

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

ZHONGDIAN YANG,
> *Petitioner,*

v.                                        11-2761-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael A.O. Brown, Law Offices of
                         Michael Brown, P.C., New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Anthony C. Payne, Senior Litigation
                         Counsel; Colette J. Winston, Attorney;
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhongdian Yang, a native and citizen of the People's Republic of China, seeks review of a June 30, 2011 decision of the BIA affirming the January 10, 2011 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhongdian Yang*, No. A089 250 764 (B.I.A. June 30, 2011), aff'g No. A089 250 764 (Immig. Ct. N.Y. City Jan. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have considered both the BIA's opinion and the IJ's decision. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Yang did not testify credibly regarding his claim that he had been persecuted in China on the basis of his resistance to

China's coercive family planning policies. The agency reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the IJ reasonably found, Yang's testimony that he was beaten by family planning officials was inconsistent with his wife's letter stating that the officials had "scolded" him. Yang argues that his wife's use of the word "scolded" can be interpreted to be consistent with his testimony because "scolded" can encompass a physical beating. This "*ex post* justification," however, is not a sufficient basis to overturn the agency's adverse credibility determination, as it does not compel the conclusion that a reasonable fact-finder would credit Yang's testimony. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (observing that a petitioner must offer more than a "plausible alternative theory" to warrant reversal) (internal quotation marks omitted); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on Yang's inconsistent statements regarding whether he fled from the family planning officials after they beat him or whether they simply left. Yang argues that his testimony that his family helped him

3

resist and escape the officials was consistent with his testimony that the officials beat him. This argument, however, fails to account for the fact that Yang also testified that they simply left after beating him and warning him to comply with family planning policies.

Finally, Yang argues that, because the inconsistencies do not go to the heart of his claim for relief, they do not support the adverse credibility determination. We disagree for two reasons. First, Yang's claim is based on his purported resistance to the coercive family planning policies, and the inconsistencies identified by the agency involve the central facts comprising that resistance. Second, Yang's application is governed by the REAL ID Act, and the agency properly based its adverse credibility determination on inconsistencies in Yang's statement and testimony, without regard to whether those inconsistencies went "to the heart of [Yang's] claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. The inconsistencies identified by the agency provided substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the agency did not err in denying Yang's claims for asylum, withholding of removal, and

4

CAT relief insofar as those claims were based on his resistance to China's coercive family planning policies. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk